UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JANET LAFONTAINE, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:18-cv-358 JD ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Janet LaFontaine suffers from a number of physical and mental conditions that impair her ability to work. An administrative law judge found, however, that Ms. LaFontaine could still perform her past work as a grocery checker, so her claim for disability benefits was denied. Ms. LaFontaine appeals that finding. As explained below, the Court remands this matter to the Commissioner, as the ALJ failed to acknowledge or address evidence of the side effects Ms. LaFontaine experiences from her medications and the effect they could have on her ability to work.

## **I. FACTUAL BACKGROUND**

Ms. LaFontaine has been diagnosed with a host of health conditions. Those include spondylosis throughout her spine, osteoarthritis in both feet, fibromyalgia, Ehlers–Danlos syndrome (a disorder that can cause joint pain), ADHD, anxiety, and depression. She was able to maintain employment for some time despite those conditions, holding various positions in grocery stores. In June 2015, though, Ms. LaFontaine tripped at work and injured her foot, aggravating a previous condition. Her doctor eventually restricted her from returning to work in light of her condition. She had surgery on her foot in June 2016, and the hardware was removed

in a second surgery that November. Ms. LaFontaine also sought treatment from a pain management specialist. That treatment included trigger point injections and a prescription for Percocet, an opioid pain medication she was directed to take four times a day. (R. 439, 441). Ms. LaFontaine was also prescribed morphine, which she was directed to take twice a day. Though she initially received that prescription for her foot surgery, the pain management specialist continued her on that medication to treat her chronic pain. (R. 603, 616). In January 2017, Ms. LaFontaine's treating podiatrist opined that she was permanently limited to sedentary work.

Ms. LaFontaine applied for social security disability benefits, claiming that her impairments prevented her from working. In the course of that application, Ms. LaFontaine underwent physical and psychological examinations, and agency consultants reviewed the files and offered opinions on Ms. LaFontaine's conditions and limitations. Medical consultants opined that she could still perform a range of light work. Psychological consultants opined that while Ms. LaFontaine had some limitations in carrying out detailed instructions and maintaining attention for extended periods, she could still perform semi-skilled tasks and concentrate for long enough to complete those tasks.

After holding a hearing, an ALJ substantially adopted those opinions. He found that Ms. LaFontaine could still perform light work, subject to some postural limitations. He also found that while Ms. LaFontaine could not perform complex tasks, she could still perform tasks that are detailed and more than simple and routine. Based on testimony from a vocational expert, the ALJ found that a person with those limitations could still perform Ms. LaFontaine's past work as a grocery checker. Thus, she did not qualify as disabled, so her claim was denied. The Appeals Council denied her request for review, so Ms. LaFontaine filed this action seeking review of the Commissioner's decision.

## II.  STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Thus, even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

It is the ALJ's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In this substantial-evidence determination, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Consequently, an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues. *Lopez*, 336 F.3d at 539. While the ALJ is not required to address every piece of evidence or testimony presented, the ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

## III.  STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step sequential evaluation process to be used in determining whether the claimant has established a disability. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;

2. Whether the claimant has a medically severe impairment;

3. Whether the claimant's impairment meets or equals one listed in the regulations;

4. Whether the claimant can still perform relevant past work; and

5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step three, if the ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations, disability is acknowledged by the Commissioner. 20 C.F.R. § 404.1520(a)(4)(iii). However, if a listing is not met or equaled, then in between steps three and four, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. The ALJ then uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). The claimant has the initial burden of proof in steps one

through four, while the burden shifts to the Commissioner in step five to show that there are a significant number of jobs in the national economy that the claimant is capable of performing. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Ms. LaFontaine offers several arguments in support of remand. One is that the ALJ erred in evaluating her testimony about the severity of her limitations, including by failing to acknowledge her testimony about the side effects of her medications. As explained below, the Court agrees that the ALJ erred by failing to address that evidence, and finds that this error warrants remand. The Court therefore remands for that reason and need not address the remaining arguments, which will either be moot or can be addressed on remand.

One of the factors an ALJ must consider in evaluating the severity of claimants' symptoms and limitations is the "type, dosage, effectiveness, and side effects of any medication [the claimants] take or have taken to alleviate [their] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3)(iv). As the Seventh Circuit has recognized, not only might the medications and side effects provide insight into the severity of a claimant's condition, *Plessinger v. Berryhill*, 900 F.3d 909, 916 (7th Cir. 2018), the side effects may themselves create limitations that an ALJ would have to account for. *Flores v. Massanari*, 19 F. App'x 393, 399–40 (7th Cir. 2001). As the court explained in *Flores*, the "side effects of medication can significantly affect an individual's ability to work and therefore should figure in the disability determination process." *Id.* at 399.

Here, Ms. LaFontaine suffers from chronic pain, for which she sought treatment from a pain management clinic. As part of her treatment, Ms. LaFontaine received prescription pain medication: she took morphine pills twice a day and Percocet pills four times a day, both of which are opioids. (R. 51, 617). Notably, when asked at the hearing whether that medication causes any side effects, Ms. LaFontaine testified that it "increases [her] brain fog sometimes and

5

makes [her] feel sluggish." (R. 55; *see also* R. 417 (noting that Ms. LaFontaine reported suffering fatigue from her medications)). The ALJ, though, never acknowledged that testimony or addressed those side effects. Instead, in addressing Ms. LaFontaine's mental limitations, the ALJ only mentioned Ms. LaFontaine's testimony "that medication for her condition helped some." (R. 24). That is an incomplete portrayal of her testimony. While Ms. LaFontaine did testify that some of her medication sometimes helps with her pain and sometimes helps her get motivated (R. 52), she also testified that her medication causes "brain fog" and makes her feel "sluggish." (R. 55). In relying on evidence that supports his findings while failing to address evidence to the contrary, the ALJ engaged in impermissible "cherry-picking." *See Baldwin v. Berryhill*, 746 F. App'x 580, 583 (7th Cir. 2018) (stating that an ALJ "cannot simply cherry-pick facts that support a finding on non-disability while ignoring evidence that points to a disability finding"). And by failing to address this evidence or consider the impact of any side effects on Ms. LaFontaine's functioning, the ALJ erred.

This error requires remand. To begin with, the Commissioner offered no response to this issue, and thus offered no argument that an error in this respect would be harmless. Given this apparent error and the lack of an argument that the error is harmless, remand is appropriate. Further, this error could support a more restrictive residual functional capacity evaluation, which could affect the ALJ's conclusion that Ms. LaFontaine can do her past work. The ALJ found that, despite Ms. LaFontaine's mental limitations, she retained the ability to "perform tasks that are detailed and more than simple and routine but are not complex." (R. 25). The ALJ also declined to adopt a limitation on Ms. LaFontaine's ability to maintain her concentration over time. (R. 24, 27). At step four, the ALJ found that Ms. LaFontaine could perform her past work as a grocery checker, which qualified as "semi-skilled." (R. 28). *See* SSR 00-4p (stating that

"semi-skilled work corresponds to an SVP of 3–4"). Social security regulations note that semi-skilled work "may require alertness and close attention[.]" 20 C.F.R. § 404.1568(b). Had the ALJ credited Ms. LaFontaine's testimony that her opioid pain medication caused brain fog and sluggishness, he might have adopted more restrictive limitations that could have precluded that work.

That is not to say that the ALJ must do so. It is possible that on remand the ALJ will decline to credit this testimony or will find that it doesn't warrant further limitations. But if that is the case, the ALJ must first acknowledge this evidence and explain why. The ALJ did not do so in the opinion under review, and thus did not construct the requisite logical bridge between the evidence and his findings. The Court therefore remands this action to the Commissioner for further consideration of Ms. LaFontaine's claim.

## V. CONCLUSION

For those reasons, the Court REVERSES the Commissioner's decision and REMANDS for additional proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED: January 7, 2020

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court